**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RENEE CONNELLY, on Behalf of Herself and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Civil Action No. 5:23-cv-2768-JMG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DEFER THE SETTING OF THE SCHEDULE PENDING THE COURT'S RESOLUTION OF DEFENDANT'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

On March 4, 2025, this Court certified two classes comprising Amazon employees who underwent pre-shift temperature checks ("COVID-19 screenings") in Pennsylvania. Dkt. 84 ("Opinion" or "Op."). The following week, the Court denied Amazon's request to conduct limited discovery of the absent class members following the Court's class certification ruling. Amazon then filed its Motion for Reconsideration and/or Clarification (the "Motion"), Dkt. 91, which remains pending and requests that the Court (i) reconsider its March 4, 2025 Opinion, (ii) alternatively clarify the scope of the classes as the Court defined them in the same order, and (iii) reconsider its ruling on class discovery. Amazon's Motion presents substantial questions, the answers to which could significantly alter the scope of this litigation, including the potential class notice. Accordingly, Amazon respectfully requests that the Court defer (or stay) setting the schedule for class notice and trial until Amazon's Motion is resolved.[1]

[1] While Amazon submits that deferral is warranted here until Amazon's Motion is resolved, pursuant to the Court's request at the March 13, 2025, Amazon conferred with Plaintiff and has proposed a schedule in the event the Court denies Amazon's Motion.

## II. RELEVANT BACKGROUND[2]

### A. The Court's March 4, 2025 class certification decision

On March 4, 2025, the Court granted Plaintiff's class certification motion "with a modification." Op. 1. The Court found that "Plaintiff's proposed classes cannot meet commonality and predominance because of a factor she initially ignored—the use of the A-to-Z app." Op. 11. The A-to-Z app usage disproves Plaintiff's presumption that class members were not paid for time spent in screenings. *Id.* The evidence showed that the many employees who used the A-to-Z app often did so before they passed through the COVID-19 screenings. *Id.* And "Plaintiff's proposed classes still include Class Members who were paid when they clocked in with the app before passing through the screenings." Op. 14. As a result, proving liability would require "look[ing] at each Class Members' shifts to determine whether their screening on a particular day happened on or off the clock." *Id.* The Court therefore "reconstruct[ed]" the proposed classes to eliminate the individualized issues presented by A-to-Z app usage and revised the class definitions to be:

- **PMWA Class**: All current and former hourly paid employees of Amazon who underwent a COVID-19 screening and clocked-in on a physical time clock at an Amazon site during at least one week in Pennsylvania in the three-year period before July 19, 2023.
- **Common Law Class**: All current and former hourly paid employees of Amazon who underwent a COVID-19 screening and clocked-in on a physical time clock at an Amazon site during at least one week in Pennsylvania when they worked less than 40 hours in the four-year period before July 19, 2023.

Op. 16. The Court went on to state that by "[l]imiting the classes to employees who clocked in

---

[2] The salient facts are set forth in the Court's March 4, 2025 Memorandum Opinion ("Opinion" or "Op.") and the full relevant background regarding the Opinion and the Court's March 13, 2025 discovery ruling is set forth in Amazon's Motion. Dkt. 91 at 3-8.

with a physical time clock," "the only *shifts* included in the revised classes are the ones in which the Class Members clocked in with a physical time clock." Op. 17-18 (emphasis added). This was a significant change to Plaintiff's originally proposed PMWA Subclass 1, which did not propose to totally disregard employees' A-to-Z app usage—as the Court's order appears to do—but instead simply excluded the few-thousand individuals who *never* used physical timeclocks. The exclusion of all A-to-Z app clock-in shifts was critical to the Court's certification decision because it eliminated the need to review A-to-Z app shifts individually to determine whether the screenings happened off the clock. *See* Op. 18.

**B. The Court's March 13, 2025 discovery ruling**

Following the Court's class certification decision—and in light of the Court's Fourth Amended Scheduling Order that *sua sponte* reset the trial for June 2, 2025, Dkt. 83—the parties requested a status conference to address the procedural issues with that Scheduling Order arising from the Court's recent certification decision and Amazon's scheduling conflict with the new trial date, which was held on March 13, 2025. Dkt. 90. During the off-the-record telephonic status conference, Amazon raised the need to conduct limited class and merits discovery focused on the Court's certified classes and, in response to the Court's initial denial of the request, offered to conduct the discovery during the class notice and opt-out period to alleviate any perceived harm or delay. The Court denied Amazon's request, finding that Amazon's opportunity to conduct class discovery ended with the close of Phase II discovery.

**C. Amazon's Motion**

On March 18, 2025, Amazon filed its Motion for Reconsideration and/or Clarification. The Motion raises significant issues that require resolution. First, because of the Court's reconstructed class definitions, Plaintiff is no longer a typical or adequate class representative. Dkt. 91-1 at 8-11. The Court's revised class definitions also require clarification on the inclusion of shifts in

which the class members clocked in with the A-to-Z app in the determination of potential overtime liability—an issue on which the Court has already welcomed additional briefing. Dkt. 91 at 12-13; Dkt. 92 at 1 n.1 ("The Court particularly welcomes briefing on the second issue in Defendant's brief—how to calculate the hours in a workweek given the revised classes' definition."). Further, the Court's ruling that Amazon's opportunity to take discovery from the class ended with the close of Phase II discovery limits Amazon's opportunity to challenge the class's potential evidence and to develop arguments that the Court's modified classes should be decertified. Dkt. 91 at 13-17. Plaintiff's opposition to Amazon's Motion is due on March 28, 2025. Dkt. 92.

In addition to Amazon's Motion, the parties are also currently briefing: (1) Plaintiff's Motion for Partial Summary Judgment, Dkt. 86; (2) Plaintiff's Motion to Strike Amazon's Retained Expert Peter Nickerson, Ph.D, Dkt. 87; and (3) Amazon's Motion to Exclude Plaintiff's Proposed Expert Witnesses Dr. Richard Drogin and Dr. Liesl Fox. Dkt. 88. Those motions are currently pending with the parties' respective oppositions to be filed on March 24, 2025.

## III. ARGUMENT

A deferral of a decision on the proposed schedule and class notice is necessary. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Grider v. Keystone Health Plan Central, Inc.*, No. 2001-CV-05641, 2007 WL 9734118 (E.D. Pa. Jan. 22, 2007) (granting stay of class notice deadlines) (citing *Landis*, 299 U.S. at 254-255); *Burress v. Freedom Mortg. Corp.*, 2022 WL 586606, at *4 (D.N.J. Jan. 31, 2022) (granting stay pending resolution of motion for reconsideration). Thus, the decision to stay civil proceedings calls for the trial court, in its discretion, to balance the various interests of the parties, the court, and the public. *Landis*, 299 U.S.

at 254-56; *see also In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *7 (E.D. Pa. May 13, 2003) (finding that the plaintiffs failed to demonstrate sufficient prejudice to warrant reconsideration of the stay).

Amazon respectfully submits that the Court should grant a deferral for compelling reasons, including:

- In the event the March 4, 2025 Order is reversed, notice would not need to be sent. If the Order is modified, a new form of notice would need to be created and issued so prospective class members would understand the claims at issue in the case;
- Significant time (including that of the Court) and expense will be incurred in developing, approving, and issuing class notice and such time and expense would be duplicated or mooted if the March 4, 2025 is reversed or modified;
- Plaintiff and the currently defined class will not suffer any harm or prejudice if the decision on the schedule and class notice is deferred for a relatively short while, but Amazon would;
- The weight of legal authority supports deferring the decision; and
- A reasonable stay would serve the public interest.

**A. The balancing of competing interests justifies a deferral.**

The balancing of competing interests justifies a deferral here. *See Cliffstar Corp. v. Ajinomoto Co., Inc.*, No. 09-CV-03867-LDD, 2010 WL 11710671, at *2 (E.D. Pa. Nov. 10, 2010) (analyzing the "balance of harms" to the parties and granting a motion to stay pending a decision by the Third Circuit). As an initial matter, the Court has already recognized that the potential impact the Court's revised class definitions may have on the proceedings warrants additional briefing when it set a briefing schedule and welcomed briefing on "how to calculate the hours in a workweek given the revised classes' definition." Dkt. 92, n.1. If the Court were to nonetheless

approve the dissemination of class notice and set a trial date before deciding Amazon's Motion, significant irreparable harm will result. That includes class notice being sent to class members (both current and former employees) that may not ultimately be included in the final class to the extent the decision on Amazon's Motion is reversed or the scope of the class is clarified. That bell cannot be unrung, and will create substantial confusion among those who received notice but who may not be part of a class. *See City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, No. 11-2658, 2017 WL 1170828 (D.N.J. Mar. 28, 2017) (granting stay because "it is simply more efficient and less likely to confuse the class members if notice . . . [is] provided to the Class after a sum certain is collected"); *see also Farley v. Lincoln Benefit Life Co.*, No. 2:20-cv-02485-KJM-DB, 2024 WL 86317, at *3-4 (E.D. Cal. Jan. 8, 2024) (finding that stays protect class members from confusion caused by notices that may need revision).

Furthermore, if the Court denies Amazon's request here, significant administrative and litigation costs will be triggered for Amazon to prepare and facilitate class notice which may be deemed insufficient or moot based on the Court's order on Amazon's Motion. Given the substantial expense of re-issuing class notice, a stay of proceedings, including class notice is prudent, reasonable, efficient, and supported by the weight of authority on this issue. *See, e.g., Korolshteyn v. Costco Wholesale Corp.*, No. 3:15-cv-709-CAB-RBB, 2017 WL 5973547, at *2 (S.D. Cal. Mar. 31, 2017) (finding "good cause to stay the dissemination of class notice until after Defendants' summary judgment motion is decided" because the defendants' cost of disseminating class notice would be $80,000, and the expense would be nullified if the court granted summary judgment in their favor).

Deferring these proceedings will also preserve the status quo, ensuring that neither side (or the potential class) is disadvantaged by a potentially reversed or clarified decision on class

certification or incomplete discovery record. This case remains at its pre-trial stages, with three motions, in addition to Amazon's Motion, currently pending that will all shape the scope of trial. A deferral now will not harm Plaintiff or the class members, but instead preserve the current state of the case for the benefit of all parties.

In contrast, Plaintiff cannot demonstrate that she or the proposed class members will suffer any harm by waiting for Amazon's Motion to be resolved. There is no concern about losing documents or witnesses. And there is no prejudice to the potential class members because clarification is still needed from the Court to determine how the class is defined and whether those individuals' rights may be impacted by these proceedings. *See* Dkt. 91 at 12-13. Accordingly, this Court should exercise its discretion to defer setting a schedule and ruling upon class notice until after it resolves Amazon's Motion.

**B. A deferral will simplify the issues.**

A deferral will also simplify the issues and streamline the continuing litigation. If, for example, the Court proceeds with this case while the Motion is pending, class notice will be disseminated and class members will have to decide whether to remain in the case or opt out based on the information contained in the class notice. If, after considering Amazon's Motion, the Court reconsiders the appropriateness of class certification, then the class notice would have been sent unnecessarily and then an additional notice would have to issue to notify class members of the reversal. Alternatively, if the Court were to clarify the class definition, a new notice would be required to inform the putative class what the class definition was and what is at stake in this case. In addition, the Court also would have to issue a separate notice to anyone who received the initial notice and no longer fall within the class definition informing them that they are now excluded. Each of these possibilities comes with unnecessary expense, confusion, and delay. Courts

considering similar motions related to class certification have recognized the need to be efficient. *See, e.g.*, *Ass'n of New Jersey Chiropractors v. Aetna, Inc.*, No. CV 09-3761 (MAS), 2015 WL 13647941, at *2 (D.N.J. Jan. 26, 2015) (the "most effective and efficient manner in which to proceed is to stay class and merits discovery" until after the Third Circuit renders a decision critical to the matter); *see also Grider*, 2007 WL 9734118, at *1 n.1 (granting stay of class notice because it was "one portion of [the] case which may be directly affected" by a pending decision).

The Court here should follow this approach. There is no compelling reason to proceed with class notice while Amazon's Motion is pending. To await final resolution of this Motion is not only consistent with the courts' treatment of similar situations, but avoids the potential for unnecessary complication in class notice, thereby simplifying the matter.

## IV. CONCLUSION

For all these reasons, Amazon respectfully requests that this Court defer setting the schedule for class notice and trial until Amazon's Motion is resolved.

Dated: March 24, 2025

Respectfully submitted,

s/ Richard G. Rosenblatt
Richard G. Rosenblatt
MORGAN, LEWIS & BOCKIUS LLP
2222 Market St.
Philadelphia, PA 19103-3007
Tel: (215) 963-5000
Fax: (215) 963-5001
richard.rosenblatt@morganlewis.com

Brendan T. Killeen (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
brendan.killeen@morganlewis.com

Michael E. Kenneally (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
michael.kenneally@morganlewis.com

*Counsel for Defendant*
*Amazon.com Services LLC*