## NOTICE OF CLASS ACTION SETTLEMENT

*Renee Connelly, on behalf of herself and all others similarly situated*
**Plaintiff,**
v.
*Amazon.com Services, LLC,*
**Defendant.**

Eastern District of Pennsylvania,
Case No. 5:23-CV-02768-JMG

*This notice affects your rights.  Please read it carefully.*

---

**A proposed settlement (the "Settlement") has been reached in the above-referenced class action currently pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 5:23-CV-02768-JMG (the "Action").  Because your rights may be affected by this Settlement, it is important that you read this Notice carefully.**

As will be explained in further detail below, a lawsuit was filed against Defendant alleging that Defendant failed to pay its non-exempt employees for time spent in COVID-19 screenings.  On March 4, 2025, the United States District Court for the Eastern District of Pennsylvania granted the Plaintiff's Motion for Class Certification certifying two "Classes" (defined below).  You are receiving this notice because a settlement has now been reached and Defendant's records indicate that you are eligible to participate in the settlement.

- **READ THIS NOTICE CAREFULLY. YOUR RIGHTS AND OPTIONS – AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED IN THIS NOTICE**
- **THE COURT HAS NOT DETERMINED THAT DEFENDANT VIOLATED THE LAW. DEFENDANT DENIES THAT IT VIOLATED ANY LAWS OR THAT IT HARMED WORKERS.**

## A.      PURPOSE OF THIS NOTICE

The Court assigned to this Action has certified the following Classes:

> **PMWA Class**: All current and former hourly paid employees of Amazon who underwent a COVID-19 screening and clocked-in on a physical time clock at an Amazon site during at least one week in Pennsylvania in the three-year period before July 19, 2023.

> **Common Law Class**: All current and former hourly paid employees of Amazon who underwent a COVID-19 screening and clocked-in on a physical time clock at an Amazon site during at least one week in Pennsylvania when they worked less than 40 hours in the four-year period before July 19, 2023.

You are getting this notice because Defendant's records indicate that you fall within the definition of one or both of the Classes.  This Notice is intended to explain  the class action settlement and your options: (1) participate in the settlement, (2) request to be excluded from the settlement, (3) object to the settlement, or (4) dispute your number of workweeks to recover from the settlement.

## B.      DESCRIPTION OF THE ACTION

In July 2023, a class action lawsuit was filed against Defendant alleging that Defendant failed to pay for all time spent by hourly employees completing COVID-19 screenings prior to the start of their shifts.  Plaintiff alleged that Defendant violated Pennsylvania law because it failed to pay all straight time and overtime wages due under state law for the time spent off the clock as a result of the COVID-19 screenings.  Plaintiff sought unpaid straight time and overtime wages, penalties, interest, and attorneys' fees.  Defendant denies the allegations and maintains that it complied with the law.  Both sides vigorously dispute the amount of time workers spent off the clock as a result of the COVID-19 screenings.  The Parties gathered information regarding how much time was spent by Defendant's employees undergoing COVID-19 screenings, including reviewing payroll data, time clock data, and other records.  Defendant argued that the time spent off the clock was minimal, particularly after its facilities began using thermal cameras to conduct the temperature screenings, and that employees should not be compensated for any time they spent after completing screenings but before clocking in for the beginning of their shifts.  Plaintiff argued that the amount of time spent off the clock was much longer and that Defendant should have compensated employees for the time spent waiting to be screened, the time spent being screened, and the time spent walking from the screening area to the time clocks.  Given their differences, the Parties disagreed as to the possible outcome of the Action with respect to both liability and damages.  While Plaintiff and Defendant are prepared to proceed with litigating the Action, each side recognizes that litigating is a risky and costly proposition and that each may not prevail on any or all of the claims.

As a result, in October 2025, the Parties attended a full-day mediation with experienced mediator Michael Russell.  With assistance from Mr. Russell, the Parties reached a settlement agreement to resolve the claims in the Action.

The Settlement is the result of good-faith and arm's-length negotiations between Plaintiff and

Defendant.  Each side agrees that given the risks and expense associated with continued litigation, this settlement is fair and appropriate under the circumstances and is in the best interests of all Class Members.

On June 9, 2026, the Court granted preliminary approval of this proposed settlement, finding it to be fair and reasonable. You now have the right to: (1) participate in the settlement, (2) request to be excluded from the settlement, (3) object to the settlement, or (4) dispute the number of workweeks identified for you.

The Court will decide whether to give final approval to the proposed Settlement at a hearing scheduled for [INSERT DATE] ("Final Approval Hearing"). You have the right to appear at the final approval hearing.  You also have the right to enter an appearance in this case on your own behalf or enter an appearance through an attorney of your own choosing if you desire to hire a separate attorney to represent you.  If you do hire a separate attorney, you will have to bear the cost of hiring your own attorney.

## C.    CLASS COUNSEL

The attorney for the Class ("Class Counsel") are the following:

| | |
|---|---|
| Don Foty | Matthew Parmet |
| Foty Law Group | Parmet Law PC |
| 2 Greenway Plaza, Suite 250 | 2 Greenway Plaza, Suite 250 |
| Houston, Texas 77046 | Houston, TX 77046 |

## D.    THE PROPOSED SETTLEMENT

Subject to the Court's final approval, the terms of the Settlement are as follows:

1.      The settlement amount is $3,000,000.00 (the "Settlement Amount") from which Defendant would pay: (a) settlement payments to the participating Class Members; (b) service award to the Named Plaintiff of $10,000 that must be approved by the Court; (c) costs to a third party Administrator for administering the Settlement, (d) attorneys' fees up to 1/3 of the Settlement Amount that must be approved by the Court, and (e) litigation expenses of up to $100,000.00 that must be approved by the Court.  Each of these sums will be paid from the Settlement Amount. There will be no reversion to Defendant.  The "Net Settlement" is what remains after deducting from the Settlement Amount the sums allocated to items (b) through (e) above.

2.      The Net Settlement Amount will be allocated among Class Members using Defendant's records.  Specifically, Individual Settlement Payments will be calculated and apportioned from the Net Settlement Amount to Participating Class Members *pro rata*, on a per "weeks worked" or "workweek" basis.

3.      Based upon the information in Defendant's records, the total number of weeks that you worked for Defendant during the period of time when the COVID screenings were conducted (April 1, 2020 through July 17, 2021) is _____ workweeks.  Again, your Net

Settlement Amount is based upon the number of workweeks in Defendant's records.

## E.      HOW TO PARTICIPATE IN THE SETTLEMENT

To participate in the Settlement, you do not need to take any further action.  Upon final approval from the Court, you will receive a settlement check calculated as described in paragraph D, above.

## F.      HOW TO REQUEST EXCLUSION FROM THE SETTLEMENT

If you do not want to participate in the class action settlement, you must affirmatively opt out by submitting a timely and valid Request for Exclusion.  Any Class Member wishing to submit a Request for Exclusion must timely submit a written "Request for Exclusion" to the Settlement Administrator on or before the deadline of _____.

The written Request for Exclusion must be sent either by mail to:

> Connelly v Amazon Settlement
> c/o Atticus Administration
> P.O. Box 64053,
> St. Paul, MN 55164
> email@atticusadmin.com

or by fax to:  888-326-6411.

The Request for Exclusion must: (i) set forth the name and address of the Class Member requesting exclusion; (ii) include the case name and case number; (iii) be signed by the Class Member; (iv) be returned to the Settlement Administrator; (v) clearly state that the Class Member does not wish to be included in the settlement; and (vi) be faxed or postmarked on or before the deadline of _____.  The fax or postmark date will be the exclusive means to determine whether a Request for Exclusion has been timely submitted.  If you properly submit a timely "Request for Exclusion," you will not be eligible to receive any of the benefits under the Settlement.  You will, however, retain whatever legal rights you may have against Defendant with regard to the claims set forth in the Release below.

If a Class Member's Request for Exclusion is defective as to the requirements listed above, that Class Member will be given an opportunity to cure the defect(s).  The Settlement Administrator will send the Class Member a cure letter within three (3) business days of receiving the defective submission to advise the Class Member that his or her submission is defective and that the defect must be cured to render the Request for Exclusion valid.  The Settlement Administrator will send the cure letter by the last method by which the Settlement Administrator sent the Notice Packet to the Class Member.  The Class Member will have until the later of (i) _____ (Response Deadline) or (ii) ten (10) calendar days from the date of the cure letter to postmark or fax a revised Request for Exclusion.  If the revised Request for Exclusion is not postmarked or received by fax within that period, it will be deemed untimely.

## G.      HOW TO OBJECT TO THE SETTLEMENT

**Questions? Call the Settlement Administrator toll free at 1-844-328-8428 or email email@atticusadmin.com**

If you do not request exclusion from the Settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement.  To object to the Settlement ("Objection"), a Class Member must sign a written Objection and send that Objection to the Settlement Administrator by mail, email, or fax, with a postmark, email, or fax stamp date on or before the deadline of _____. In order for the Objection to be valid, the Objection must include: (i) the objector's full name, address, and signature; (ii) the case name and case number; (iii) a written statement of the grounds for the objection; and (iv) a statement whether the objector intends to appear at the Final Approval Hearing.  If you appear at the Final Approval Hearing with your own attorney, you will be responsible for paying for the cost of hiring your own attorney.  The postmark, email, or fax stamp date of the Objection will be deemed the exclusive means for determining that the Objection is timely.  The Parties have the right to conduct reasonable discovery as to the basis of any Objection on an expedited basis.

Class Members who fail to object in the manner specified above will be deemed to have waived all objections to the Settlement and will be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement Agreement.  Only Class Members who submit timely Objections as specified above will have a right to appear at the Final Approval Hearing in order to have their concerns heard by the Court.  If the Court permits, Class Members who have not submitted a timely Objection as described above in compliance with the Settlement Agreement may still appear at the Final Approval Hearing and present their objections.

You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

## H.    HOW TO DISPUTE THE WORKWEEKS LISTED IN THIS NOTICE

If you wish to participate in the Settlement but question the number of workweeks listed in this Notice, you have an opportunity to dispute the workweek information by contacting the Settlement Administrator on or before the deadline of _____.  To the extent you dispute the employment dates or the number of workweeks on record, you may produce evidence to the Settlement Administrator showing that such information is inaccurate by _____. The Settlement Administrator will decide the dispute.  Defendant's records will be presumed correct, but the Settlement Administrator will evaluate the evidence submitted by you and will make the final decision as to the merits of the dispute.  All disputes will be decided by the Settlement Administrator within fifteen (15) business days of _____ (Response Deadline).

## I.    RELEASE OF CLAIMS

Each individual participating in the Settlement shall release Defendant[1] from all claims, actions,

---

[1] The release extends to Defendant and each of its past, present, and/or future, direct, and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint ventures.

**Questions? Call the Settlement Administrator toll free at 1-844-328-8428 or email email@atticusadmin.com**

demands, causes of action, suits, debts, obligations, demands, rights, liabilities, or legal theories of relief, that are based on the facts and legal theories asserted in the operative complaint, or which relate to the claims asserted in the operative complaint, including without limitation claims for (1) failure to pay compensation in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(a); (2) failure to pay overtime in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c); (3) breach of contract; (4) unjust enrichment; and (5) quantum meruit. Notwithstanding the above, the Released Class Claims shall only include claims related to or arising from COVID-19 screenings.  The period of the Released Class Claims shall extend to the limits of the period from July 19, 2019 through July 19, 2023 if you belong to the Common Law Class and from July 19, 2020 through July 19, 2023 if you only belong to the PMWA Class.  The *res judicata* effect of the Judgment will be the same as that of the Release.

**J.      NO TAX ADVICE PROVIDED**

Please be informed that neither Defendant nor Class Counsel make any representations regarding the tax implications of any amounts paid under the Settlement.  If you have questions concerning any tax implications, you should consult with a tax expert of your own choosing.

**K.      FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT**

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the incentive awards to the Class Representatives on [INSERT DATE AND TIME] in the United States District Court for the Eastern District of Pennsylvania, located at 504 W. Hamilton Street, Suite 4701, Allentown, PA 18101.

**L.      ADDITIONAL INFORMATION**

This Notice only summarizes the Action, the Settlement, and other related matters.  *Please do not contact the Court or the Court Clerk about this notice*.  For additional information, you may access the publicly available information regarding this lawsuit.  That information is available online at www.pacer.gov, or at the office of the clerk of the United States District Court, Eastern District of Pennsylvania, 504 W. Hamilton Street, Allentown, PA 18101. You may also contact the Settlement Administrator at:

Connelly v Amazon Settlement
c/o Atticus Administration
P.O. Box 64053,
St. Paul, MN 55164
email@atticusadmin.com
1-844-328-8428

An electronic version of this Notice and the attached materials are available at [INSERT WEBSITE].

***PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.***
***THIS NOTICE IS NOT A RECOMMENDATION BY THE COURT AS TO ANY ACTION***

**Questions? Call the Settlement Administrator toll free at 1-844-328-8428 or email email@atticusadmin.com**

*YOU SHOULD OR SHOULD NOT TAKE.*
*\*\*\*THIS IS NOT AN ADVERTISEMENT FROM A LAWYER\*\*\**